Wilfred A. Waltemade, J.
This is a motion by the defendants, the City of New York, John Y. Lindsay as Mayor of the City of New York, and Joseph L. Forstadt, as Acting Commissioner of Consumer Affairs of the City of New Yo(rk, for summary judgment in this action to declare invalid and to enjoin enforcement of article 10 of chapter 36 of the Administrative Code of the City of New York and of a “ Preliminary Guide ” issued thereunder by the Department of Markets, since redesignated as the Department of Consumer Affairs. Article 10 deals with prohibitions against certain written deceptive advertising and advertisements. Plaintiffs, the Metropolitan New York Retail Merchants Association, B. Altman & Co., Associated Dry Goods Corporation, Federated Department Stores, Inc., Gimbel Brothers, Inc., R. H. Macy & Co., Inc., and Saks & Co., submit a cross request for summary judgment in their behalf. (See CPLR 3212, subd. [b].)
The main thrust of plaintiffs’ attack is the claimed unconstitutionality on the grounds of vagueness and inconsistency with Federal requirements, and with section 350 of the General Business Law of the State of New York which sets forth the basic State policy with respect to false advertising.
The plaintiffs claim that paragraph (b) of section B36-115.1 of article 10 is vague in that after the enumeration of specific acts it contains such language as “or similar or analogous claims” and the undefined term “standard of comparison”. There is no merit to this contention since the rule of construction of ejusdem generis protects plaintiffs from any unreasonable extension of the specified acts. This court does not find that the provision of section B36-116.1 concerning record keeping is subject to attack in the absence of a declaration of the invalidity of the advertising requirements of section B36-115.1.
The basic problem here is the effort by the City of New York in the subject legislation to definitively attack certain specific advertising practices, whereas the Federal and State laws are couched in very general terms. Such endeavor would not by itself be any reason for declaring the city legislation invalid. Subdivision a of section 27 of the New York City Charter provides that the City Council shall have the power to adopt local laws which are not inconsistent with the laws of the United States or of this State. Where, as in the instant case, there is no conflict between the local law and the Federal or State law and it is in a sense merely complementary or a consistent exten *807 sion of the Federal or State law, the local law would not be and is not void for unconstitutionality.
Section 350 of the General Business Law simply declares false advertising to be unlawful. It appears that the State Legislature intended to adopt requirements identical to those established by the Federal Trade Commission and to apply them to intrastate transactions in New York. There was added in section 350-c of the General Business Law, a provision for a complete defense by any person ‘ ‘ that the advertisement is subject to and complies with the rules and regulations of, and the statutes administered by the Federal Trade Commission 5 ?. This defense is not expressly included in the subject city legislation. Plaintiffs urge that unless such defense is implicitly read into article 10 and the “Preliminary Guide,” they are inconsistent with State law. However, plaintiffs state that, should the court rule that article 10 and the “Preliminary Guide” can be constitutionally saved by reading the defense into them, plaintiffs would be willing to accept such judgment. It is clear to this court that the defense expressly made available in the State law must be made available in any action to enforce the provision of the local law. We are not here treating with the question of whether such defense is applicable to the particular circumstances involved in any one case, but simply that such a defense shall be available as if it had been expressly provided in article 10 in the same manner as it is presently provided in section 350-c of the General Business Law.
A preliminary injunction has heretofore been granted and effectuated, restraining the defendants from enforcing the provision of article 10 and the “Preliminary Guide” with respect to advertisements which are subject to and comply with the rules and regulations of, and the statutes administered by the Federal Trade Commission. Upon the present application, the plaintiffs have conceded a willingness to accept the terms of the injunction pendente Mte, if made permanent, as an adequate disposition of their action and the cross application.
Except for one necessary change relative to the application of the injunctive relief, this court is favorably disposed to rule in accordance with plaintiffs ’ concession, and it appears that the defendants have no strenuous objection thereto, since the modification which the court now makes was raised by the defendants themselves in their ultimate aim to sustain the validity of the local law and the administrative rules.
In granting the preliminary injunction, the court did not differentiate between any of the subsections of section B36-115.1 of article 10 of the Administrative Code, relating to the different *808 types of advertising. Defendants now admit that this was due to their failure to call to the court’s attention the pertinent distinctions between the subsections of article 10. No problem is presented with regard to making the terms of the temporary injunction permanent as to subdivisions (a) and (c), which require that certain advertisements be ‘1 true in fact”, since this is also required by the provisions of Federal and State law. However, the availability to subdivision (b) of the defense provided by section 350-c of the General Business Law that the “ advertisement is subject to and complies with the rules and regulations of, and the statutes administered by the Federal Trade Commission ”, would have the effect of nullifying subdivision (b) which merely requires advertisements which make comparisons to spell out the basis for the comparison made. That requirement only supplements Federal and State laws prohibiting false advertising. It is clear, to this court, that the court granting the preliminary injunction had no intention to subvert the effects and to nullify the meaning and practical application of subsection (b). This court certainly cannot permit any such abrogation of legislative intent and consumer protection in its ultimate decision.
For the reasons stated, defendants’ application for summary judgment is granted to the extent of declaring the validity of article 10 of chapter 36 of the Administrative Code and of the “ Preliminary Guide,” subject to the permanent injunction now to be granted herein, and plaintiffs’ motion is granted to the extent of permanently enjoining enforcement of subdivisions (a) and (c) of section B36-115.1 of article 10 of the Administrative Code of the City of New York and of the “ Preliminary Guide,” as it relates to such subdivisions, only with respect to advertisements which are subject to and comply with the rules and regulations of, and the statutes administered by, the Federal Trade Commission.